UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MICHELE GALLAGHER; CHARLES
SCHAFER; MICHAEL SCHAFER; DONALD
SCHAFER,
Plaintiffs-Appellants,

v.                                                                          No. 96-2347

ALLSTATE LIFE INSURANCE COMPANY,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-96-328-S)

Argued: May 9, 1997

Decided: June 30, 1997

Before WILKINSON, Chief Judge, LUTTIG, Circuit Judge,
and COPENHAVER, United States District Judge for the
Southern District of West Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Richard David Rosenthal, Baltimore, Maryland, for
Appellants. Bryan David Bolton, FUNK & BOLTON, P.A., Balti-
more, Maryland, for Appellee. **ON BRIEF:** Mark I. Cantor, Owings
Mills, Maryland, for Appellants. Derek B. Yarmis, FUNK & BOL-
TON, P.A., Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants appeal from an order denying their motion for summary judgment and granting the cross motion for summary judgment filed by appellee Allstate Life Insurance Company. The sole issue on appeal is whether the district court erred in determining that Eva M. Schafer, appellants' decedent, was not killed while "alighting from a common carrier" and thus was not covered under the common carrier provision of Allstate's insurance policy.

The insurance policy at issue provides for the payment of benefits in the amount of $250,000 "[i]f an Insured Person dies while Occupying, as a passenger, a public conveyance licensed as a common carrier and operated for regular passenger service -- such as a plane, train, bus, ship, school bus . . . ." J.A. at 74. The term "occupying" is defined as "[r]iding in or upon or entering into or alighting from a common carrier or Private Passenger Automobile." J.A. at 73.

Appellants contend that when Ms. Schafer was killed on November 11, 1994, she was in the process of alighting from a northbound train traveling on the Baltimore Light Rail System in the vicinity of its Westport Station. However, the undisputed facts show that on the day of her death, Ms. Schafer exited a southbound train onto an adjacent passenger platform, left the platform, walked across both the southbound and northbound train tracks and continued walking alongside the tracks in a southbound direction for a distance of approximately thirty-four feet prior to being struck and killed by a northbound train. The train on which she arrived had already departed the station. Ms. Schafer was following a route she and fellow employees customarily used to get to Carr-Lowrey Glass Co., Ms. Schafer's place of employment. The path she was taking was in a direction opposite from the exit provided by the station.

2

The dictionary meaning of the word "alight" is"to spring down, get down, or descend (as from horseback or from a vehicle)" or "to descend and settle after falling or flying." Webster's Third New International Dictionary 53 (1965). Applying that definition to the facts of this case, it is obvious that at the time she was struck and killed some thirty-four feet south of the point where she exited the train and left the passenger platform, Ms. Schafer had completed the process of alighting from the train. She accordingly did not die while occupying a common carrier and appellants are not entitled to benefits under the portion of Allstate's policy of insurance which provides benefits for common carrier accidents.

The judgment of the district court is affirmed.

AFFIRMED

3